IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SIDERIDRAULIC SYSTEM SPA, *et al.*, )<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>BRIESE SCHIFFAHRTS GmbH )<br>& CO. KG, )<br>    Defendant. )<br>_____)<br>)<br>BBC CHARTERING & LOGISTIC )<br>GmbH & CO. KG, *et al.*, )<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>SIDERIDRAULIC SYSTEM SPA, *et al.*, )<br>    Defendants. ) | CIVIL ACTION 10-0715-WS-M<br><br><br><br><br><br><br><br>CIVIL ACTION 10-0717-N |

**ORDER**

These related matters come before the Court on the Unopposed Motion to Consolidate (doc. 6) filed by defendant Briese Schiffahrts GmbH & Co. KG ("Briese") in Civil Action No. 10-0715-WS-M. Briese also filed a substantively identical motion in Civil Action No. 10-0717-N, in which Briese is a party plaintiff. Briese asks that these actions be consolidated for all purposes, for the stated reasons that the issues presented in both cases arise under the same operative facts and involve common issues of law, such that judicial economy would be served by consolidation. Briese further states that counsel for all other parties do not oppose the requested consolidation.

Review of the court files reflects that the Complaints in the two cases were filed within four days of each other, with the earlier being submitted on December 23, 2010 and the later being filed on December 27, 2010. Both actions concern an ill-fated voyage of the BBC GREENLAND from Porto Marghera, Italy to Mobile, Alabama in late 2009, during which certain cargo was damaged and a portion of the cargo went overboard into the Atlantic Ocean

during heavy weather. Both actions relate to the respective parties' liabilities and rights pertaining to that lost and damaged cargo. All three named parties in Civil Action No. 10-0715-WS-M (including Sideridraulic System SPA, the company that apparently sold the cargo; ThyssenKrupp Steel USA, LLC, the alleged consignee of the cargo; and Briese, which owned, operated or managed the BBC GREENLAND) are also named parties in Civil Action No. 10-0717-N. The latter case adds a fourth party, to-wit: BBC Chartering & Logistic GmbH & Co. KG, the vessel's time charterer. In short, Sideridraulic and ThyssenKrupp sued Briese in Civil Action No. 10-0715-WS-M to recover $400,000 in damages for the lost and damaged cargo almost simultaneously with Briese and BBC Chartering suing Sideridraulic and ThyssenKrupp in Civil Action No. 10-0717-N seeking a declaration that the plaintiffs are completely shielded from liability or, alternatively, that the defendants' recovery is limited to $500.00 per package or customary freight unit, pursuant to the Carriage of Goods by Sea Act, 46 U.S.C. §§ 30701 *et seq.*

Pursuant to Rule 42(a), Fed.R.Civ.P., a district court has authority to order consolidation when "actions before the court involve a common question of law or fact." *Id.* The Eleventh Circuit has explained that consolidation pursuant to Rule 42(a) "is permissive and vests a purely discretionary power in the district court." *Young v. City of Augusta*, 59 F.3d 1160, 1168 (11th Cir. 1995) (quoting *In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006, 1013 (5th Cir. 1977)). In exercising that discretion, district courts must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions, the burden on the parties and the court, the length of time, and the relative expense of proceeding with separate lawsuits if they are not consolidated. *See Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985); *Jackson v. Ford Consumer Finance Co.*, 181 F.R.D. 537, 539 (N.D. Ga. 1998); *State of Ohio ex rel. Montgomery v. Louis Trauth Dairy, Inc.*, 163 F.R.D. 500, 503 (S.D. Ohio 1995) (in determining whether consolidation is appropriate, "the court balances the value of time and effort saved by consolidation against the inconvenience, delay, or expense increased by it"). Ultimately, district courts in this Circuit have been "encouraged ... to make good use of Rule 42(a) ... in order to expedite the trial and eliminate unnecessary repetition and confusion." *Hendrix*, 776 F.2d at 1495 (citation and internal quotation marks omitted).

Upon review of the Motion to Consolidate, and other relevant portions of the court file in both cases, the Court agrees with movant that consolidation is appropriate here, pursuant to Rule

42(a). As described *supra*, both actions involve precisely the same facts and substantially overlapping (if not identical) legal issues. The fundamental questions presented in both cases are the same, to-wit: Who is responsible for the lost and damaged cargo on the BBC GREENLAND, and in what amount. Based on considerations of efficiency, judicial economy, the risk of inconsistent rulings on common questions, the burden on the parties and the court, and the relative expense of proceeding separately versus together, consolidation of these actions would plainly streamline these proceedings and eliminate unnecessary repetition and confusion. Simply stated, it would be far more sensible and efficient to litigate all issues of fault and liability arising from the underlying incident aboard the BBC GREENLAND somewhere in the Atlantic Ocean in a single proceeding than to do so piecemeal in multiple actions.

For all of the foregoing reasons, as well as the fact that no party opposes consolidation, the Court exercises its discretion in favor of **consolidating these actions for all purposes**, through and including trial, pursuant to Rule 42(a). The Motion to Consolidate is **granted**. To effectuate consolidation, the Clerk of Court is hereby **directed** to extract documents 1 through 5 from Civil Action No. 10-0717-N and to make those documents a part of the court file in Civil Action No. 10-0715-WS-M. Furthermore, the Court finds that there is no present reason to maintain Civil Action No. 10-0717-N as an open file. Therefore, the Clerk is directed to submit a JS-6 to the Administrative Office which indicates that 10-0717 is statistically closed and thus removed from the pending docket of this Court. The Clerk shall thereafter maintain that file as a closed file. To avoid any confusion, and given that 10-0717 will henceforth be a closed file that has been swallowed whole by 10-0715, the parties are **ordered** not to include the caption of 10-0717 in any future filings in this action and not to file any pleadings directly in 10-0717. Rather, all future filings in these consolidated proceedings should be made exclusively in 10-0715.

DONE and ORDERED this 30th day of March, 2011.

s/ WILLIAM H. STEELE  
CHIEF UNITED STATES DISTRICT JUDGE