IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **SIDERIDRAULIC SYSTEM SPA,** *et al.*, )<br>Plaintiffs, )<br>)<br>v. )<br>)<br>**BRIESE SCHIFFAHRTS GmbH** )<br>**& CO. KG,** )<br>Defendant. )<br>———————————————————— )<br>)<br>**BBC CHARTERING & LOGISTIC** )<br>**GmbH & CO. KG,** *et al.*, )<br>Plaintiffs, )<br>)<br>v. )<br>)<br>**SIDERIDRAULIC SYSTEM SPA,** *et al.*, )<br>Defendants. ) | **CIVIL ACTION 10-0715-WS-M** |

**ORDER**

This matter comes before the Court on the Motion to Set Aside Need for International Service or, Alternatively, Motion for Extension of International Service Period (doc. 13) filed by BBC Chartering & Logistic GmbH & Co. KG ("BBC") and Briese Schiffahrts GmbH & CO. KG ("Briese").

This action consists of two separate Complaints that were consolidated into a single action via Order (doc. 8) entered on March 30, 2011. One such Complaint was filed by movants, BBC and Briese, against Sideridraulic System S.p.A. ("Sideridraulic") and Thyssenkrupp Steel USA, LLC, back on December 27, 2010. BBC and Briese now seek relief from their obligation to serve process on Sideridraulic. In support of this Motion, BBC and Briese theorize that, because their Complaint has been consolidated into another case, they can dispense with Rule 4 service of the Summons and Complaint altogether. Movants' only citation in support of this unconventional argument is Rule 5 of the Federal Rules of Civil Procedure, which says nothing about service of a Complaint and Summons. *See, e.g., Bowers v. Scouten*, 2007 WL 2237788, *1

n.1 (11th Cir. Aug. 6, 2007) (rejecting plaintiff's assertion that service of complaint was proper under Rule 5, inasmuch as "[t]hat rule … concerns the service of pleadings subsequent to the complaint"); *Magnuson v. Video Yesteryear*, 85 F.3d 1424, 1430 (9th Cir. 1996) ("Rule 4 addresses the procedure to be followed when serving a complaint. Rule 5 specifies the procedure to be followed when serving other papers …."); *Cryer v. UMass Medical Correctional Health*, 2011 WL 841248, *2 (D. Mass. Mar. 11, 2011) (plaintiff "may not use Rule 5 to effect service of process of an amended complaint as a means to circumvent Rule 4's requirements concerning service"). BBC and Briese have not presented either authority or persuasive argument for the proposition that Rule 4's service of process requirements are suspended, nullified, or otherwise bypassed in the consolidation context. In the absence of any showing that might excuse BBC and Briese from serving process on Sideridraulic in accordance with Rule 4, the Motion to Set Aside Need for International Service is **denied**. BBC and Briese sued Sideridraulic in federal court; therefore, it is their responsibility to serve process on it in accordance with the Federal Rules of Civil Procedure.

As for BBC and Briese's alternative request to extend the deadline for service on Sideridraulic, the law is clear that "[a] plaintiff is responsible for serving the defendant with a summons and the complaint within the time allowed under Rule 4(m)." *Lepone-Dempsey v. Carroll County Com'rs*, 476 F.3d 1277, 1280-81 (11th Cir. 2007). Rule 4(m) provides in pertinent part as follows:

> "If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – ***must dismiss the action without prejudice against that defendant or order that service be made within a specified time.*** But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

*Id.* (emphasis added). On its face, then, Rule 4(m) provides for dismissal if service is not achieved within 120 days, absent either (a) good cause for a plaintiff's dilatory service, or (b) a decision by the Court to exercise its discretion in favor of extending the time for service without a showing of good cause. *See, e.g., Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009) (recognizing that dismissal under Rule 4(m) may be avoided if a plaintiff shows good cause, or if other circumstances warrant extension based on the facts of the case).

As noted *supra*, BBC and Briese filed their Complaint on December 27, 2010, such that the Rule 4(m) deadline as to Sideridraulic will expire on April 26, 2011. BBC and Briese request an enlargement of that deadline for another 120 days; however, they come forward with a

showing of neither good cause nor other circumstances specific to this case that might warrant such a hefty enlargement. At most, BBC and Briese say they want the 120-day service period to be doubled because (i) Sideridraulic's local counsel has not been receptive to movants' waiver of service requests; and (ii) international service of process is "costly and time consuming." Such a cursory showing is wholly inadequate to demonstrate good cause, much less to justify holding this action in limbo for another four months while waiting for BBC and Briese to accomplish service of process that, by all appearances, could have been achieved in the last four months had movants acted with diligence. On this showing, BBC and Briese's alternative Motion for Extension of Service Period is **denied**.

Notwithstanding the denial of this Motion (doc. 13) in its entirety, BBC and Briese may renew it in a timely manner upon a proper factual and legal showing that either (i) applicable law and authority allow for suspension of Rule 4 service of process requirements in the circumstances presented here, or (ii) good cause or other circumstances warrant enlargement of the Rule 4(m) for a reasonable time to facilitate movants' efforts to perfect service of process.

DONE and ORDERED this 20th day of April, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE