IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| SIDERIDRAULIC SYSTEM SPA, *et al.*, | ) | |
|---|---|---|
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 10-0715-WS-M |
| | ) | |
| BRIESE SCHIFFAHRTS GmbH | ) | |
| & CO. KG, | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| BBC CHARTERING & LOGISTIC | ) | |
| GmbH & CO. KG, *et al.*, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SIDERIDRAULIC SYSTEM SPA, *et al.*, | ) | |
| Defendants. | ) | |

**ORDER**

This matter comes before the Court on the Amended Motion for Extension of International Service Period (doc. 16) filed by BBC Chartering & Logistic GmbH & Co. KG ("BBC") and Briese Schiffahrts GmbH & CO. KG ("Briese"). At issue is BBC and Briese's failure to effectuate service of process on Sideridraulic System S.p.A. ("Sideridraulic") despite filing the Complaint against it on December 27, 2010. The 120-day period generally prescribed by Rule 4(m), Fed.R.Civ.P., for service of process is set to expire on April 26, 2011.

Movants' position (which they failed to articulate in their predecessor Motion for Extension) is that Rule 4(m) is inapplicable to service of process in a foreign country.[1] It is true

---

[1] This assertion is somewhat incongruous given that BBC and Briese styled their filing as a "Motion for Extension of International Service Period," and admitted in their predecessor filing of April 19, 2011 that the deadline "to effect international service of their Complaint upon [Sideridraulic] is April 26, 2011." (*See* doc. 13, ¶ 11.) If Rule 4(m) did not apply, then the April 26 deadline would not exist, and there would be no deadline to extend. Thus, movants' requests for extension are confusing when juxtaposed against their present assertion that Rule 4(m) has no application here.

that Rule 4(m) provides that that subsection "does not apply to service in a foreign country under Rule 4(f)." But that exemption does not afford a plaintiff the luxury of serving a foreign defendant at its leisure. To the contrary, federal courts have indicated that Rule 4(m) may indeed apply, and the foreign-service exemption may be inapplicable, if the plaintiff fails to attempt to serve the defendant in a foreign country within that 120-day period. *See, e.g., USHA (India), Ltd. v. Honeywell Int'l, Inc.*, 421 F.3d 129, 134 (2nd Cir. 2005) (declaring that Rule 4(f) exception to Rule 4(m) deadline "does not apply if, as here, the plaintiff did not attempt to serve the defendant in the foreign country"); *Nylok Corp. v. Fastener World, Inc.*, 396 F.3d 805, 807 (7th Cir. 2005) ("If, for example, a plaintiff made no attempt to begin the process of foreign service within 120 days, it might be proper for a court to dismiss the claim."); *Allstate Ins. Co. v. Funai Corp.*, 249 F.R.D. 157, 162 (M.D. Pa. 2008) (finding that "the exemption from the 120-day time limit for service in a foreign country does not apply where – as here – the plaintiff has not made a reasonable, good faith effort to attempt service abroad during the 120-day period").[2]

Be that as it may, the Amended Motion shows that BBC and Briese have in fact undertaken a reasonable, good faith effort to attempt international service on Sideridraulic during the initial 120-day period. On that basis, the Amended Motion for Extension of International Service Period (doc. 16) is **granted**. In lieu of setting a hard and fast deadline for what may be a nebulous and time-consuming process beyond the movants' direct control, it is **ordered** that BBC and Briese file monthly status reports, on or before the **fourth Tuesday of each month**, beginning in **May 2011**, documenting the present status of their efforts to perfect service of process on Sideridraulic. Given that Sideridraulic is already a party joined in this consolidated litigation, however, all parties are strongly encouraged to work together to resolve these threshold service of process issues in a manner that minimizes waste and delay and allows this action to move forward promptly, to the advantage of all.

DONE and ORDERED this 25th day of April, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] As one commentator observed, "there appears to be a growing trend to impose a 120-day time limit to initiate service" in the international service context. 1 Ved P. Nanda & David K. Pansius, *Litigation of International Disputes in U.S. Courts* § 2:19.