# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **SIDERIDRAULIC SYSTEM SPA,** *et al.,* | ) | |
| Plaintiffs, | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 10-0715-WS-M** |
| | ) | |
| **BRIESE SCHIFFAHRTS GmbH** | ) | |
| **& CO. KG,** | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| **BBC CHARTERING & LOGISTIC** | ) | |
| **GmbH & CO. KG,** *et al.*, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **SIDERIDRAULIC SYSTEM SPA,** *et al.,* | ) | |
| Defendants. | ) | |

## ORDER

This consolidated action comes before the Court on the Motion for Partial Summary Judgment (doc. 11) filed by BBC Chartering & Logistic GmbH & CO. KG ("BBC Chartering") and Briese Schiffahrts GmbH & Co. KG ("Briese Schiffahrts"). Also pending are the Request for Additional Time for Response (doc. 25) filed by Sideridraulic System S.p.A. ("Sideridraulic") and ThyssenKrupp Steel, LLC ("ThyssenKrupp"), as well as the Motion to Supplement the Record (doc. 30) filed by BBC Chartering and Briese Schiffahrts. These Motions are now ripe for disposition.

### I.  Relevant Background.

In this action, the parties seek to assign legal liability and financial responsibility for an unfortunate event that took place aboard a ship in the Atlantic Ocean in December 2009, resulting in the loss of certain valuable cargo.

All parties agree that Sideridraulic is an Italian company that entered into an agreement to sell a number of sand filter water tanks to ThyssenKrupp for use at its manufacturing facility

located in this district.  The obvious logistical dilemma created by this arrangement was that the water tanks had to be shipped from Porto Marghera, Italy to Mobile, Alabama.  To facilitate this endeavor, Sideridraulic directly or indirectly contracted with BBC Chartering in September 2009 for BBC Chartering to transport by sea two shipments of water tanks from Italy to Alabama.  BBC Chartering was the time charterer of the vessel BBC GREENLAND, which in turn was owned, operated and/or managed by Briese Schiffahrts.  In November 2009, ten Sideridraulic water tanks were loaded onto the deck of the BBC GREENLAND, and the vessel commenced the long voyage across the Atlantic Ocean.  The first two legs of the journey passed without incident; however, trouble struck when the BBC GREENLAND encountered rough weather en route from Baltimore, Maryland to Charleston, South Carolina in December 2009.  During the storm, two of the water tanks broke free on the deck, with one of them being dented and the other being swept overboard into the sea (from whence it was apparently never retrieved).  In the aftermath of this incident, Sideridraulic and ThyssenKrupp sued Briese Schiffahrts, and Briese Schiffahrts and BBC Chartering sued Sideridraulic and ThyssenKrupp, all seeking judicial allocation of responsibility for the loss.

Briese Schiffahrts and BBC Chartering have now moved for partial summary judgment, on the theory that they are entitled to a declaration that their liability (if any) for the loss is capped at $1,000 by operation of the Carriage of Goods by Sea Act, 46 U.S.C. §§ 30701 *et seq.* ("COGSA").[1]  In so moving, Briese Schiffahrts and BBC Chartering rely heavily on the contents of a particular bill of lading dated November 24, 2009 (the "Bill of Lading").[2]  This Bill of Lading identifies Sideridraulic as the "Shipper" and ThyssenKrupp as the "Consignee" and

---

[1]     Although they steadfastly deny liability for the loss, movants do not seek entry of summary judgment as to liability at this time.  Rather, the sole issue presented on summary judgment is whether the COGSA damages limitation applies.

[2]     Movants also rely on something called a "Booking Note" or "Fixture Recap," which appears to be an electronic message prepared by BBC Chartering summarizing certain details of the cargo arrangement.  (*See* doc. 7 at Exh. A; doc. 28, at Exh. A.)  However, they offer neither evidence nor even suggestion that this document was transmitted to, approved by, or even seen by Sideridraulic or ThyssenKrupp at any time prior to the shipment; therefore, there is no evidentiary foundation from which the Court could conclude that this exhibit accurately reflects the parties' shipping arrangement, or that Sideridraulic or ThyssenKrupp in any way acquiesced to (or were even aware of) same.

reflects that the cargo (listed as 10 units of "sand filter for water treatment plant" made in Italy and bearing a gross weight of 26,000 kilograms) was to be "shipped by Sideridraulic SpA Italy" to "Port of discharge Mobile, Alabama," with the "Carrier" identified as BBC Chartering. (Doc. 28, Exh. A.) The Bill of Lading further states as follows: "All cargo carried on deck at shipper's / charterer's / receiver's risk as to perils inherent in such carriage, any warranty of seaworthiness of the vessel expressly waived by the shipper/charter[*sic*]/receiver and in all other respects subject to provisions of the United States Carriage of Goods by Sea Act, 1936." (*Id.*) The Bill of Lading lists the "Shipper's Declared Value" as "xxx" and bears the signature of an unidentified person under the text "Intermare Venice ARL as agents only for and on behalf of Capt. Eyles, the Master of M/V 'BBC GREENLAND'." (*Id.*) The Bill of Lading further states that, in accepting the Bill of Lading, the "Merchant" (which is defined as including the charterer, the shipper, the consignee and others) "expressly accepts and agrees to all its stipulations … as fully as if they were all signed by the Merchant." (*Id.*)

## II.    Analysis.

BBC Chartering and Briese Schiffahrts filed their barebones Motion for Partial Summary Judgment at an extraordinarily early stage of this litigation. Indeed, they filed their Motion on April 7, 2011, which was 40 days before entry of the Rule 16(b) Scheduling Order governing discovery, and nearly two months before movants successfully perfected service of process on Sideridraulic in Italy. As a consequence of their tactical decision to pursue summary judgment on damages at the earliest possible moment, before their adversaries knew what hit them, movants' Rule 56 submission is inadequate in at least three distinct ways.

First, as mentioned, the premise of the Motion for Partial Summary Judgment is that COGSA limits movants' liability to a total of $1,000 (or $500 per lost or damaged tank) for the complained-of loss. But movants' principal memorandum of law provides only the most cursory treatment of COGSA, proffering generalities as to what the statute purportedly means with no supporting citations to authority and sometimes inaccurate citations to the statute itself. The Court will not perform the parties' summary judgment research for them. *See, e.g., Brokaw v. Weiser Sec.*, --- F. Supp.2d ----, 2011 WL 206176, *11 (S.D. Ala. Jan. 19, 2011) ("Under the adversary system, it is counsel's responsibility to explain why these points have legal merit; the Court does not serve as counsel's law clerk."). If BBC Chartering and Briese Schiffahrts contend that COGSA bars the claims of Sideridraulic and ThyssenKrupp to the extent they

exceed $1,000 in value, then it is incumbent on them to back that position with something more than their own cursory, unsupported statement of what they believe COGSA means. This Court can neither accept on faith movants' conclusory summation of COGSA principles (lacking in citations to authority) nor act as movants' surrogate counsel by filling in the blanks on their behalf. *See generally White-Spunner Const., Inc. v. Zurich American Ins. Co.*, 2011 WL 2039572, *2 (S.D. Ala. May 25, 2011) (movant's "refusal to engage in a reasoned explication of governing principles backed by salient legal authority precludes it from carrying its burden of establishing that its *ipse dixit* is correct"); *Frye v. Escambia County Bd. of Educ.*, 2009 WL 3336917, *3 (S.D. Ala. Oct. 13, 2009) (denying motion to dismiss, reasoning that "[t]he defendants offer no authority or explanation in support of this *ipse dixit*, and the Court will not supply the deficiency").

Second, and more importantly, BBC Chartering and Briese Schiffahrts submitted a principal brief that is virtually devoid of supporting exhibits, and also filed proposed determinations of undisputed fact that, in large part, recite factual allegations without accompanying record citations. This is improper, under both the Federal Rules of Civil Procedure and the Local Rules of this District Court. *See* Rule 56(c)(1)(A), Fed.R.Civ.P. (party asserting that a fact is not genuinely disputed "must support the assertion by … citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations …, admissions, interrogatory answers or other materials"); LR 7.2(a) (suggested determinations of undisputed fact must contain "findings of fact appropriately referenced to the supporting document or documents filed in the action or in support of the motion"). A party's mere say-so, which is all movants provided in support of the vast majority of the "facts" tendered, is simply not good enough to establish a right to summary judgment.[3] Nor is BBC Chartering and Briese Schiffahrts' belated attempt to furnish the Court

---

[3]      *See, e.g., Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) ("mere conclusions and unsupported factual allegations are legally insufficient" on summary judgment); *Mullins v. Crowell*, 228 F.3d 1305, 1303 (11th Cir. 2000) (summary judgment movant's initial burden is satisfied not by amorphous speculation or even emphatic say-so, but "by reference to materials on file"); *Leigh v. Warner Bros., Inc.*, 212 F.3d 1210 (11th Cir. 2000) ("This court has consistently held that conclusory allegations without specific supporting facts have no probative value.") (citation omitted); *Taylor v. Holiday Isle, LLC*, 561 F. Supp.2d 1269, 1275 n.11 (S.D. (Continued)

and opposing counsel with a factual record in their Reply (doc. 28) and their post-briefing

Motion to Supplement the Record (doc. 30) appropriate. Absent extenuating circumstances

(which are not present here), the time for submitting a summary judgment record is

contemporaneously with the filing of the principal brief, not after the non-movant has already

filed a response and briefing has closed.[4]

Third, Sideridraulic and ThyssenKrupp have a compelling argument that this motion for

summary judgment, coming as it does at the inception of this litigation, is premature. Filing a

Rule 56 motion at the outset of a case (before the commencement of discovery) is not forbidden

under the Federal Rules of Civil Procedure; however, it is procedurally suspect, or at least

discouraged. The law of this Circuit provides that, as a general proposition, "the party opposing

a motion for summary judgment should be permitted an adequate opportunity to complete

discovery prior to consideration of the motion." *Jones v. City of Columbus, Ga.*, 120 F.3d 248,

253 (11th Cir. 1997) (citations omitted); *see also Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir.

---

Ala. 2008) ("Unadorned representations of counsel in a summary judgment brief are not a
substitute for appropriate record evidence.").

[4]     *See, e.g., Sanders v. City of Union Springs*, 2006 WL 3307446, *3 (11th Cir. Nov.
15, 2006) (finding that "the district court did not abuse its discretion in striking the plaintiffs'
tardy evidentiary materials" on summary judgment where plaintiff failed to explain failure to
obtain and file affidavits in a timely manner); *Fisher v. Ciba Specialty Chemicals Corp.*, 238
F.R.D. 273, 311 n.82 (S.D. Ala. 2006) ("It is well accepted that raising of new issues and
submission of new facts in reply brief is improper.") (citations omitted); *Sweet v. Pfizer*, 232
F.R.D. 360, 364 n.7 (C.D. Cal. 2005) ("the moving party in a motion cannot submit new
information as part of its Reply"); *Miami Valley Contractors, Inc. v. Town of Sunman, Ind.*, 960
F. Supp. 1366, 1371 (S.D. Ind. 1997) (striking supplemental summary judgment exhibits where
litigant failed to justify untimely submission); *Reeves v. Thigpen*, 879 F. Supp. 1153, 1162 (M.D.
Ala. 1995) (refusing to allow litigant to file untimely supplemental summary judgment exhibits
where she offered no reason for failure to submit such materials earlier). This case is readily
distinguishable from the circumstance in which a party properly submits supplemental exhibits
with a reply brief to rebut arguments made in the nonmovant's response. *See, e.g., Hammons v.
Computer Programs and Systems, Inc.*, 2006 WL 3627117, *14 (S.D. Ala. Dec. 12, 2006)
("[N]othing in the extant authorities, or in the Federal Rules of Civil Procedure, forbids a
movants from making supplemental record submissions in a reply brief to rebut specific
arguments raised by the non-movant's opposition brief. … To ban such evidentiary filings would
yield absurd results, as movants would be permitted to submit reply briefs but precluded from
submitting the necessary record materials to support them."). Here, movants did not file the
record materials on which their Motion hinges until submitting their reply brief, or even later.

1992) ("A party opposing summary judgment should be given the opportunity to discover information relevant to the summary judgment motion."); *Snook v. Trust Co. of Georgia Bank of Savannah, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988) ("summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery"); *Baucom v. Sisco Stevedoring, LLC*, 506 F. Supp.2d 1064, 1067 n.1 (S.D. Ala. 2007) (reciting general rule). Thus, "[i]f the documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials." *Snook*, 859 F.2d at 870. Where district courts fail to honor these principles, appellate courts have found error. *See, e.g., Jones*, 120 F.3d at 253 (district court abused its discretion in deciding summary judgment motion where plaintiffs never had opportunity to examine requested documents or to depose defendant's witnesses); *Dean*, 951 F.2d at 1213-14 (district court abused discretion by granting summary judgment for defendant without ruling on plaintiff's motion to compel, such that summary judgment was entered on potentially inadequate record).[5]

As noted *supra*, the Motion for Partial Summary Judgment turns in large part on the Bill of Lading. Where COGSA applies, "Neither the carrier nor the ship shall in any event be or become liable for any loss or damage to or in connection with the transportation of goods in an

---

[5]      Of course, the pertinent inquiry is not whether the entire discovery period has been completed, but merely whether the parties have had an adequate opportunity for discovery. *See, e.g., Florida Power & Light Co. v. Allis Chalmers Corp.*, 893 F.2d 1313, 1316 (11th Cir. 1990) ("The district court is not required to await the completion of discovery before ruling on a motion for summary judgment. ... Before entering summary judgment the district court must ensure that the parties have an adequate opportunity for discovery."). Indeed, it is expected that "district judges will be open" to summary judgment motions filed "at an early stage of the litigation if the moving party clearly apprises the court that a prompt decision will likely avoid significant unnecessary discovery." *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1188 (11th Cir. 2005); *see also Reflectone, Inc. v. Farrand Optical Co.*, 862 F.2d 841, 843-44 (11th Cir. 1989) (declining to adopt a *per se* rule prohibiting the entry of summary judgment before discovery). The present version of Rule 56 reinforces this point by reiterating that, unless a different time is set by court order or local rule, "a party may file a motion for summary judgment *at any time* until 30 days after the close of all discovery." Rule 56(b), Fed.R.Civ.P. (emphasis added). But movants here have made no showing that adjudicating their Rule 56 Motion now will likely avoid significant unnecessary discovery. To the contrary, it appears that much of the parties' contemplated discovery would still be necessary in exploring unresolved liability issues, even if the COGSA damage cap issue were decided now.

amount exceeding $500 per package … or … per customary freight unit … unless the nature and value of such goods have been declared by the shipper before shipment and inserted in the bill of lading." COGSA, § 4(5).[6] On its face, COGSA generally does not apply to "cargo which by the contract of carriage is stated as being carried on deck and is so carried." COGSA, § 1(c). Here, the parties appear to be in agreement that the subject water tanks were contracted to be, and were in fact, carried on the deck of the BBC GREENLAND. Thus, COGSA – and, more precisely, its $500/package limit on liability – applies only if (i) the parties embodied such an agreement in the Bill of Lading, and (ii) the shipper failed to declare a value in excess of $500 per package in the Bill of Lading. *See* COGSA, §§ 4(5), 5; *see also Fireman's Fund Ins. Co. v. Tropical Shipping and Const. Co.*, 254 F.3d 987, 996 (11th Cir. 2001) (to invoke the limitation on liability under § 4(5) of COGSA, "the carrier must give the shipper adequate notice of the $500 limitation … [and] must give the shipper a fair opportunity to avoid COGSA section 4(5)'s limitation by declaring excess value") (citation omitted); *Armco Chile Prodein, S.A. v. M/V Norlandia*, 880 F. Supp. 781, 789 (M.D. Fla. 1995) ( "COGSA … does not apply of its own force to a contract for on-deck shipment. … However, a contract of carriage may incorporate and apply COGSA to on-deck shipments.") (citations omitted).

As the foregoing discussion demonstrates, the circumstances, history, meaning and enforceability of the Bill of Lading are (or may be) of central importance to the Rule 56 Motion filed by BBC Chartering and Briese Schiffahrts. Forcing Sideridraulic and ThyssenKrupp to address those issues now, without the benefit of discovery, would place nonmovants at an unfair disadvantage; indeed, it would appear tantamount to summary judgment by ambush. As Sideridraulic and ThyssenKrupp explain, they were not directly involved in the shipping arrangements and do not possess the facts and documents pertaining to same; rather, they indicate, "it is believed that [certain] third parties … arranged for the shipment and possession of relevant facts and documentation is in the possession [*sic*] of [movants] and third parties." (Doc.

---

[6]        *See Thomas v. Carnival Corp.*, 573 F.3d 1113, 1122 n.14 (11th Cir. 2009) ("COGSA is a U.S. statute governing the rights and responsibilities between shippers of cargo and ship operators regarding ocean shipments to and from the United States."); *see also Norfolk Southern Railway Co. v. Kirby*, 543 U.S. 14, 29, 125 S.Ct. 385, 160 L.Ed.2d 283 (2004) (describing purpose of COGSA as being "to facilitate efficient contracting in contracts for carriage by sea").

25, at 2.) Before binding Sideridraulic and ThyssenKrupp to meager damage caps in the amount of $500 per water tank, the Court will give them a fair and reasonable opportunity to explore – via the discovery process – such matters as, without limitation, "the facts relevant to the cargo and its shipment, whether it was packaged, the customary freight unit applicable to it, how freight was calculated, the formation of the contract of carriage and issuance of the bill of lading and other related shipping documents." (Doc. 25, at 2.)[7] Thus, denial of the Motion for Partial Summary Judgment is warranted under Rule 56(d), Fed.R.Civ.P.

## III.     Conclusion.

For all of the foregoing reasons, the Request for Additional Time for Response (doc. 25) is **granted** and the Motion for Partial Summary Judgment (doc. 11) is **denied**, without prejudice to the right of BBC Chartering and Briese Schiffahrts to renew their Rule 56 motion (properly supported under the Federal Rules of Civil Procedure and Local Rules) after at least **90 days** have elapsed from the date of entry of this Order. All parties are cautioned to pursue discovery diligently and otherwise to use this time constructively.

---

[7]           Such facts may directly impact the meaning and scope of the COGSA language in the Bill of Lading. But exploration of these kinds of facts via discovery may also be beneficial to nonmovants with regard to such summary judgment fact issues as: (i) whether the appropriate package or customary freight unit is a water tank, as movants assert, or something else, *see Hayes-Leger Associates, Inc. v. M/V Oriental Knight*, 765 F.2d 1076, 1081 n.10 (11th Cir. 1985) (holding that the "customary freight unit" determination "is a question of fact that varies from contract to contract"); and (ii) whether the COGSA status of BBC Chartering applies equally to Briese Schiffahrt (the vessel owner) or not, depending on who signed the Bill of Lading and what authority that person had, *see QT Trading, L.P. v. M/V SAGA MORUS*, 641 F.3d 105, 109 (5th Cir. 2011) ("in order to bind the owner and confer COGSA carrier status, the charterer must have authority to sign the bill of lading 'for the Master,' and the Master must have authority to sign bills of lading for the shipowner") (citations omitted); *Armco*, 880 F. Supp. at 789 ("COGSA is applicable to a shipowner that has chartered its vessel to a COGSA carrier only when the shipowner has entered into a contract of carriage with the shipper or has some privity of contract with the shipper."). The latter issue appears to be the centerpiece of Sideridraulic's and ThyssenKrupp's defense; indeed, their First Affirmative Defense is that "Briese was not a party to the bill of lading or any contract of carriage with Sideridraulic and the claims asserted by Briese are not governed by COGSA." (Doc. 38, at 3.) Again, it would simply be unfair and inequitable to oblige Sideridraulic and ThyssenKrupp to defend themselves against the Rule 56 Motion without a reasonable opportunity to examine these potentially important factual matters through discovery.

BBC Chartering and Briese Schiffahrts' Motion to Supplement the Record (doc. 30) is **denied** as procedurally improper. The materials in question could and should have been filed contemporaneously with the Rule 56 Motion, rather than as an afterthought following expiration of nonmovants' time to be heard.

DONE and ORDERED this 26th day of July, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE