**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **SIDERIDRAULIC SYSTEM SPA,** *et al.,* )<br>     **Plaintiffs,** )<br> )<br> **v.** )<br> )<br> **BRIESE SCHIFFAHRTS GmbH** )<br> **& CO. KG,** )<br>     **Defendant.** )<br> ─────────────────────)<br> )<br> **BBC CHARTERING & LOGISTIC** )<br> **GmbH & CO. KG,** *et al.,* )<br>     **Plaintiffs,** )<br> )<br> **v.** )<br> )<br> **SIDERIDRAULIC SYSTEM SPA,** *et al.,* )<br>     **Defendants.** ) | **CIVIL ACTION 10-0715-WS-M** |

**ORDER**

This matter comes before the Court on the "Motion for Sanctions Against Sideridraulic System S.p.A." (doc. 59) filed by BBC Chartering & Logistic GmbH & Co. KG and Briese Schiffahrts GmbH & Co. KG, as well as the "Amended Motion to Dismiss Sideridraulic System SPA as a Party Plaintiff and for Leave to File First Amended Complaint" (doc. 56) filed by Sideridraulic System SPA and ThyssenKrupp Steel USA, LLC.  Both Motions are ripe for disposition.[1]

**I.      Procedural Posture.**

A brief recapitulation of the procedural history of this consolidated action will be helpful in framing the issues presented in the parties' motions.  In or about December 2009, a cargo of sand filter tanks was damaged (and partially lost) at sea while being transported by the vessel

---

[1]      Sideridraulic has requested oral argument on the Motion for Sanctions.  Under the Local Rules, "the court may in its discretion rule on any motion without oral argument."  LR 7.3.  Upon review of the parties' memoranda, the undersigned concludes that oral argument would not be helpful in illuminating their positions; therefore, the request for oral argument is **denied**.

BBC GREENLAND, which was owned, operated and/or managed by Briese Schiffahrts, subject to a time charter by BBC Chartering.  The tanks had been manufactured by Sideridraulic and purchased by ThyssenKrupp for use at its southern Alabama facility.  On December 23, 2010, Sideridraulic and ThyssenKrupp filed a complaint against Briese Schiffahrts in this District Court, seeking money damages in the amount of $400,000 for loss and damage to the cargo. Four days later, on December 27, 2010, Briese Schiffahrts (which had not yet been served with the earlier complaint) and BBC Chartering filed a declaratory judgment action against Sideridraulic and ThyssenKrupp in this District Court, seeking a declaration that Sideridraulic and ThyssenKrupp were not entitled to any recovery from Briese Schiffahrts and BBC Chartering or, alternatively, a declaration that any such recovery was confined to $500 per package.  Given their identical subject matter and obviously interwoven claims, these actions were consolidated at the parties' request via Order (doc. 8) entered on March 30, 2011.

Since that time, Sideridraulic's involvement and participation in these proceedings has been halting and sporadic.  As an initial matter, Sideridraulic (an Italian company with no U.S. business operations) refused to waive service of process, and Briese Schiffahrts' and BBC Chartering's attempt to persuade this Court to dispense with the formalities of international service was unsuccessful.  (*See* doc. 14.)  Those entities finally perfected service of process on Sideridraulic in Italy in accordance with the Hague Convention on May 30, 2011.  (*See* doc. 31.) Even then, Sideridraulic tarried in filing a responsive pleading, prompting Briese Schiffahrts and BBC Chartering to seek entry of default and default judgment on June 30, 2011.  (*See* doc. 34.) Sideridraulic, by and through local counsel, finally filed an Answer (doc. 38) on July 7, 2011, and the request for entry of default was denied.  (*See* doc. 43.)  Briese Schiffahrts and BBC Chartering have moved to compel complete discovery responses from Sideridraulic, which motion remains pending today.  (*See* doc. 49.)

On September 2, 2011, Sideridraulic and ThyssenKrupp jointly moved to amend their Complaint for damages to dismiss Sideridraulic as a party plaintiff.  The stated reason for this request was that Sideridraulic had notified its counsel that "Sideridraulic ceased to have any title or interest in the cargo at the time it was delivered to ThyssenKrupp at the place of manufacture such that Sideridraulic is not a real party in interest with respect to the claim for cargo damage asserted in Plaintiffs' complaint."  (Doc. 56, at 3.)  As the Court understands it, Sideridraulic has conceded that it relinquished all right, title and interest in the sand filter tanks at the moment it

transferred possession of them to ThyssenKrupp at the manufacturing facility in northern Italy. Based on that concession, Sideridraulic can have no colorable claim for damages against Briese Schiffahrts arising from the subsequent loss or damage of those tanks during their voyage across the Atlantic Ocean.[2]

BBC Chartering and Briese Schiffahrts responded to that request by filing their Motion for Sanctions against Sideridraulic, on the theory that Sideridraulic (and not its local counsel) "knowingly misrepresented to this Court that it was a real party in interest" for nine months, forcing BBC Chartering and Briese Schiffahrts to incur substantial expense in the interim to defend against Sideridraulic's claims, serve process on Sideridraulic pursuant to the Hague Convention, and engage in discovery and discovery-related motion practice. BBC Chartering and Briese Schiffahrts therefore seek an award of all fees and expenses they incurred in litigating this matter as to Sideridraulic.[3] Upon adjudication of the Motion for Sanctions, BBC Chartering and Briese Schiffahrts indicate that they "will not object to the dismissal of Sideridraulic as long as judgment is entered on favor of the defendants on the consolidated Complaint for Declaratory Judgment." (Doc. 60, at 1.)

II.     **Analysis.**

    A.     ***Motion to Amend / Dismiss Sideridraulic as Party Plaintiff.***

The premise of the Motion to Dismiss and for Leave to File First Amended Complaint is that ThyssenKrupp and Sideridraulic recognize that Sideridraulic has no viable claims for damages against the sole named defendant, Briese Schiffahrts, such that they wish to delete Sideridraulic as a party plaintiff. This request is due to be granted under both the liberal amendment provisions of Rule 15(a)(2), Fed.R.Civ.P., and the voluntary dismissal provisions of Rule 41(a)(2), Fed.R.Civ.P. Given Sideridraulic's express concession that "it has no claim for

---

[2]     The parties' widespread former confusion on this point appears to stem from reliance on a bill of lading dated November 24, 2009, that identified Sideridraulic as the "Shipper" of the cargo and stated that the sand filter tanks were to be "shipped by Sideridraulic SpA Italy" to Mobile, Alabama. (Doc. 28, Exh. A.) All parties now appear to concur that this bill of lading – which Sideridraulic did not prepare and apparently never saw, inasmuch as it had no involvement whatsoever in the shipping arrangements for the cargo after ThyssenKrupp took possession of that cargo in northern Italy – was erroneous in this regard.

[3]     Although they present no specific proof of fees and costs incurred to date, movants estimate these amounts at approximately $10,000 in attorney's fees and $2,000 in costs.

loss or damage to the cargo against the Defendants or the Vessel involved in the ocean carriage of the cargo" (doc. 56, at 2), it is entirely appropriate that Sideridraulic be deleted as a party plaintiff, that its claims be dismissed, and that the damages action move forward solely as to ThyssenKrupp's claims against Briese Schiffahrts. Accordingly, the "Amended Motion to Dismiss Sideridraulic System SPA as a Party Plaintiff and for Leave to File First Amended Complaint" (doc. 56) is **granted**. Sideridraulic's claims asserted herein against Briese Schiffahrts are **dismissed**. Pursuant to Section II.A.6. of this District Court's Administrative Procedure for Filing, Signing and Verifying Documents by Electronic Means, ThyssenKrupp is **ordered**, on or before **October 25, 2011,** to file as a freestanding pleading its First Amended Complaint, in substantially the same form as the proposed amended pleading appended as an exhibit to the Motion.[4]

Of course, nothing herein terminates, dismisses or otherwise cuts off the claims for declaratory relief that Briese Schiffahrts and BBC Chartering brought against Sideridraulic in their Complaint in this consolidated action. *See generally* Rule 41(a)(2), Fed.R.Civ.P. ("If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication."). No motion is before the Court that might dispose of those claims. Thus, Sideridraulic remains a party to this litigation, notwithstanding the voluntary dismissal of its claims against Briese Schiffahrts, and is expected to participate fully as a party defendant to the declaratory relief portion of the action going forward.[5]

---

[4]  In light of this ruling, the parties should delete Sideridraulic's name as a party plaintiff in the caption of this action in all future filings, but should instead list ThyssenKrupp as the sole party plaintiff in connection with the damages portion of this consolidated action.

[5]  That said, in light of Sideridraulic's disclaimer of any right, title or interest in the cargo at the time of loss, it is difficult to conceive of how a definite, concrete substantial controversy of sufficient immediacy and reality to warrant declaratory relief remains as between Briese Schiffahrts and BBC Chartering, on the one hand, and Sideridraulic, on the other. *See generally Miccosukee Tribe of Indians of Florida v. Kraus-Anderson Const. Co.*, 607 F.3d 1268, 1275 n.14 (11th Cir. 2010) ("A district court cannot entertain a suit for declaratory judgment unless there is a definite and concrete controversy ….") (citation and internal quotation marks omitted); *Sullivan v. Division of Elections*, 718 F.2d 363, 365 (11th Cir. 1983) ("A district court can grant declaratory relief only if there is a substantial controversy of sufficient immediacy and reality between parties having adverse legal interests.") (citation and internal quotation marks omitted). It will not do for Briese Schiffahrts and BBC Chartering to maintain a hollow charade (Continued)

-4-

**B.      Motion for Sanctions.**

The Court now turns to Briese Schiffahrts' and BBC Chartering's Motion for Sanctions against Sideridraulic.  On its face, the Motion makes clear that movants seek sanctions not against Sideridraulic's counsel on a Rule 11 theory, but instead against Sideridraulic itself on an inherent-powers theory.[6]

District courts possess inherent power to sanction errant litigants appearing before them. *See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1306 (11th Cir. 2009) ("A court may impose sanctions for litigation misconduct under its inherent power."); *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002) ("Courts have the inherent authority to control the proceedings before them, which includes the authority to impose 'reasonable and appropriate' sanctions.").  "To impose sanctions under these inherent powers, the court first must find bad faith." *Longcrier v. HL-A Co.*, 595 F. Supp.2d 1218, 1229-30 (S.D. Ala. 2008) (citation omitted); *see also Peer v. Lewis*, 606 F.3d 1306, 1316 (11th Cir. 2010) ("The key to unlocking a court's inherent power is a finding of bad faith.").  To constitute bad faith for inherent-powers sanctions, a party must, at a minimum, "knowingly or recklessly pursue[] a frivolous claim." *Peer*, 606 F.3d at 1314-16 (setting forth "bad faith" standard for § 1927 sanctions, and explaining that, under an inherent-power framework, the threshold of bad faith conduct is at least as high as that for sanctions under § 1927).

All parties appear to agree that Sideridraulic's damages claims against Briese Schiffahrts have no merit as a factual matter, simply because Sideridraulic lacked any interest in the cargo at the time it was lost or damaged at sea.  But Sideridraulic offers evidence that the damages

---

of a declaratory judgment action against Sideridraulic if, indeed, there is no definite, concrete, active controversy between them.  Accordingly, the parties are expected to work together in good faith to resolve that portion of the claims for declaratory relief, barring which the Court will entertain any motion to dismiss for want of an Article III case or controversy that Sideridraulic might file.

[6]      Indeed, Briese Schiffahrts and BBC Chartering take pains to emphasize that they are not ascribing fault or culpability to Sideridraulic's counsel, but are instead laying blame squarely at the feet of the party itself. *See* doc. 59, at 1 n.1 (indicating movants' belief that Sideridraulic's counsel of record "acted in good faith at all times regarding his client's alleged standing").

lawsuit against Briese Schiffahrts was brought on its behalf without its knowledge, and that Sideridraulic first learned of the existence of the damages action in August 2011 when counsel enlisted its assistance in responding to discovery propounded by Briese Schiffahrts and BBC Chartering herein.  (Aliotta Decl. (doc. 62-2), ¶ 7.)[7]  Such facts are inconsistent with a finding of bad faith; after all, a party cannot be knowingly or recklessly pursuing a frivolous claim if the party does not know that it is pursuing a claim at all.

          In response, movants do not identify any contrary evidence tending to show that Sideridraulic actively directed the filing of this lawsuit and actively concealed its lack of interest in the subject cargo until after it forced movants to run up substantial legal bills over a period of months.  Instead, movants insist that Sideridraulic engaged in bad faith by (i) refusing to waive service of Briese Schiffahrts' and BBC Chartering's declaratory judgment complaint, (ii) failing to place a call or send an email to Briese Schiffahrts or BBC Chartering upon receipt of the declaratory judgment complaint to notify them of its lack of interest in the cargo, (iii) not responding promptly to the declaratory judgment complaint or accompanying discovery requests, (iv) failing to investigate the full scope of the dispute after being served with the declaratory judgment complaint, and (v) not reading the discovery requests closely enough or quickly enough to understand that Sideridraulic was listed as a plaintiff.  (Doc. 64, at 1-3.)

          Movants' argument is not persuasive.  Interestingly, the bulk of movants' objections relate not to Sideridraulic's status as a plaintiff in the damages action, but to its handling of the declaratory judgment action in which Briese Schiffahrts and BBC Chartering named it as a

----

          [7]          An obvious question is how a lawsuit could have been filed on behalf of a party without that party's knowledge.  However, Sideridraulic's counsel of record (whom movants hold blameless) indicates that he was asked to file suit on behalf of ThyssenKrupp and Sideridraulic by a UK law firm called Clyde & Co., LLC, and that he did so on the express "understanding that Clyde & Co. had authority to file an action for the cargo damage on behalf of the indicated parties."  (Sharp Aff. (doc. 62-1), ¶ 2.)  By all appearances, then, fault lies with the UK law firm (which has not appeared herein) in arranging for a lawsuit to be filed on Sideridraulic's behalf without authorization or even awareness of Sideridraulic.  (Given the liberal use of the term "subrogation" in briefing, it seems likely that Clyde & Co. actually represents an insurance company that paid out claims to ThyssenKrupp for this loss, and is now suing in its insured's name to recover said payout.)  Again, Briese Schiffahrts and BBC Chartering are seeking sanctions only against Sideridraulic directly, not against any lawyer or law firm that has represented it or is representing it; therefore, the question of whether any counsel's conduct might be sanctionable is simply not before this Court.

defendant.  Briese Schiffahrts and BBC Chartering suggest that Sideridraulic should be sanctioned for not immediately raising a white flag when they sued it, for not making it easy for Briese Schiffahrts and BBC Chartering to serve process on it, for not going the extra mile to notify Briese Schiffahrts and BBC Chartering that their declaratory judgment action was a waste of time as to Sideridraulic because Sideridraulic does not even claim an interest in the cargo, and the like.  In other words, Briese Schiffahrts and BBC Chartering want Sideridraulic to be sanctioned for not correcting their mistaken belief that there was a live case or controversy between them.  None of this relates to Sideridraulic being named as a plaintiff in the damages complaint; indeed, Briese Schiffahrts and BBC Chartering filed their declaratory judgment complaint against Sideridraulic independently of, and without ever having been served with, the damages complaint.  There is no indication that they even knew of the existence of the damages complaint when they decided to sue Sideridraulic for declaratory judgment.  And many of the same questions movants raise about Sideridraulic's inaction or failure to investigate could quite properly be raised concerning movants' apparent inaction or failure to investigate before suing Sideridraulic.[8]

     The point here is straightforward:  It is unfortunate that Sideridraulic has spent much of 2011 entangled in litigation about cargo in which it does not now claim, and never did claim, an interest.  No doubt, there is ample blame to go around for this state of affairs.  The level of attorney-client communication (and, indeed, client-client communication) appears suboptimal in all respects.  The preparer of the bill of lading (apparently BBC Chartering) erred in designating Sideridraulic as "shipper" when it was nothing of the sort.  Sideridraulic's UK counsel erred in

---

[8]    As discussed *supra*, a declaratory judgment claim is not viable unless there is a live controversy between the parties.  *See Malowney v. Federal Collection Deposit Group*, 193 F.3d 1342, 1347 (11th Cir. 1999) (declaratory judgment claim requires "a substantial continuing controversy between two adverse parties").  There is no indication in the record that Briese Schiffahrts and BBC Chartering ever reached out to Sideridraulic to confirm the existence of a *bona fide* dispute between them before naming it as a defendant in the declaratory judgment action.  There is no indication that Briese Schiffahrts and BBC Chartering ever asked Sideridraulic, before suing it, if Sideridraulic in fact claimed an interest in the subject cargo.  Instead, Briese Schiffahrts and BBC Chartering appear to have made the same mistake everyone else did, in assuming from the bill of lading (that BBC Chartering itself appears to have created) that Sideridraulic was a real party in interest.  There is no apparent reason to ascribe fault, much less bad faith, to Sideridraulic for an erroneous assumption made by other parties, including movants themselves.

apparently green-lighting the filing of a damages complaint on Sideridraulic's behalf without ever obtaining their client's authorization to do so.[9]  Briese Schiffahrts and BBC Chartering erred in apparently initiating a declaratory judgment action against Sideridraulic without first confirming that entity's status as a real party in interest.  To the extent it failed to speak up when faced with obvious evidence of a misunderstanding among other parties as to Sideridraulic's ownership interest in the cargo, ThyssenKrupp erred too.  And Sideridraulic erred in not being more courteous to opposing parties and more attentive to this matter when it first arose to investigate the nature and extent of its involvement, and to direct appropriate, immediate action to terminate claims that never should have been brought in the first place.

In light of these bizarre facts and circumstances, the Court cannot and will not elevate Sideridraulic's culpability above that of the other actors, or single it out for blame. Sideridraulic's *laissez faire* attitude to this litigation certainly did not help matters, but its conduct was but one of many factors that created this regrettable and wasteful state of affairs. More fundamentally, on this record, the Court cannot conclude that Sideridraulic acted with the requisite bad faith or that it made any knowing or recklessly false representations to this Court, which is the crux of the Motion for Sanctions.  Nor will the undersigned sanction Sideridraulic for insisting that Briese Schiffahrts and BBC Chartering serve process on it through the Hague Convention procedures, for not promptly filing an answer, or for not responding to discovery requests as quickly as it should have.[10]  Nothing in this course of conduct satisfies the high

---

[9]      And if it is true that the impetus of this action is actually an insurer seeking to recover in subrogation, then that insurer bears blame for not conducting a reasonable investigation that would have disclosed Sideridraulic's lack of interest in the cargo or the loss/damage to same, before lurching off to file the subrogation action.

[10]      It bears emphasis that the overwhelming bulk of the harm that Briese Schiffahrts and BBC Chartering claim to have suffered stems not from Sideridraulic being named as a plaintiff in the damages action, but from their decision to name Sideridraulic as a defendant in the declaratory judgment action, and to continue to press those claims even after they were in large part rendered redundant by consolidation of the declaratory judgment action with the damages action.  Movants did not have to press their declaratory judgment claims against Sideridraulic to get a binding legal ruling as to who bore responsibility for the loss or damage to the cargo and to what degree; after all, such issues had already been joined in the damages action.  That Briese Schiffahrts and BBC Chartering elected to continue to pursue their declaratory judgment claims against Sideridraulic in those circumstances may well be a defensible litigation strategy, but it certainly weakens their argument that Sideridraulic's (Continued)

threshold of bad faith as needed to unlock the availability of inherent-power sanctions.  This conclusion is reinforced by Sideridraulic's prompt, effective efforts to correct the misunderstanding as soon as it learned that it had been incorrectly named as a plaintiff in the damages action; indeed, such conduct is fundamentally incompatible with the bad faith that movants ascribe to it.  The Motion for Sanctions (doc. 59) is **denied**.

III.    **Conclusion.**

For all of the foregoing reasons, it is **ordered** as follows:

1.    The Amended Motion to Dismiss Sideridraulic System SPA as a Party Plaintiff and for Leave to File First Amended Complaint" (doc. 56) is **granted**;

2.    Sideridraulic's claims asserted herein against Briese Schiffahrts are **dismissed**;

3.    Pursuant to Section II.A.6. of this District Court's Administrative Procedure for Filing, Signing and Verifying Documents by Electronic Means, ThyssenKrupp is **ordered**, on or before **October 25, 2011,** to file as a freestanding pleading its First Amended Complaint, in substantially the same form as the proposed amended pleading appended as an exhibit to the Motion; and

4.    The Motion for Sanctions (doc. 59) filed by BBC Chartering and Briese Schiffahrts against Sideridraulic is **denied**.

DONE and ORDERED this 18th day of October, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

purported "misrepresentations to the Court" are the cause of the legal fees and expenses they incurred in pursuing largely duplicative belt-and-suspenders claims for declaratory relief.